UNITED STATES OF AMERICA, Plaintiff,                    Case Number CR 13-00532 CRB (NC)

v.

PEDRO JUAREZ_____, Defendant.                    ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court on August 27, 2013, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Defendant Juarez was present, represented by his attorney AFPD Rita B. Bosworth. The United States was represented by Assistant U.S. Attorney Acadia Senese. Jaurez is charged by indictment with violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. He has pleaded not guilty and is presumed innocent of the charge.

The detention hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

## Part I.  Presumptions Applicable

/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense

     A.   ___    for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

     B.   ___    under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ X/ No presumption applies.

///

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

Thus, the burden of proof shifts back to the United States.


**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A


**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report prepared August 26, 2013, supplemented by information presented at the hearing. The following factors establish by more than clear and convincing evidence that Juarez is a danger and should be detained in order to assure the safety of the community. This 21-year old defendant has, in the last eight months, been convicted of felony possession/purchase for sale controlled substance and misdemeanor participation in a criminal street gang and is a validated gang member. Pretrial Services found that his record includes "an unrelenting pattern of crimes of violence and firearms arrests" similar to this case. Pretrial Services also questioned his amenability to supervision, noting his chronic drug use and previous violations while on probation. Finally, the government alleged (not admitted by defendant) that defendant resisted arrest by SFPD on June 29, 2013, and brandished a loaded firearm in public (the alleged underlying offense conduct). Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of non-appearance, the Court has concerns arising from defendant's use of aliases and prior failures to appear, but finds that those concerns could be addressed by a combination of strict release conditions, as the defendant has a residence in San Francisco, long family ties to this District, and no recent history of travel outside the District.

///

Part V.  Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


Dated:   August 28, 2013

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA __X__, ATTY __X___, PTS __X__